## REYNOLDS v. UNITED STATES.
### No. 7191.

Circuit Court of Appeals, Ninth Circuit.
Oct. 16, 1933.

P. J. Gallagher and Denton G. Burdick, both of Portland, Or., for appellant.

Carl C. Donaugh, U. S. Atty., and J. W. McCulloch, Asst. U. S. Atty., both of Portland, Or.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

█ The defendant Reynolds, having been convicted and sentenced upon a charge of violating section 37 of the federal Penal Code (18 USCA § 88), and section 5209 of the Revised Statutes of the United States (12 USCA § 592), seeks to reverse the judgment upon two grounds assigned as errors; the first, that the court erred in overruling his demurrer to the indictment, and, the second, that the court erred in denying appellant's motion for a continuance.

In support of the first assignment the appellant claims that in order to properly allege the crime of defrauding a national bank, or a member of the Federal Reserve Bank, it is essential not only to allege that the bank defrauded was such a bank, as was done in this case, but also to allege that the defendant knew that the bank he was defrauding was such a bank. The point is not well taken. If, as alleged, the defendant conspired to defraud a national bank it is immaterial whether or not he knew it to be such a bank. The point does not merit serious discussion. It is also claimed by the appellant that the counts of the indictment (2, 3, and 4) charging that the defendant aided and abetted the defrauding of the bank are insufficient because these counts fail to allege that he did so "knowingly." The allegations of the indictment in that regard are as follows:

" * * * and as said defendants and each of them then and there well knew the moneys so drawn and converted would be, and in fact were, wholly lost to the said association, and the funds and credits of the said association were depleted in said amount solely by reason of the acts of the said defendant, Wynter R. Patterson, in cashing and honoring said checks as in this count of this indictment aforesaid.

"And the said H. Laurence Reynolds then and there, to-wit, on or about the 5th day of January, 1932 at Portland in the said District of Oregon, unlawfully and feloniously did aid and abet the said Wynter R. Patterson as savings teller and agent as aforesaid in so wilfully misapplying said money, funds and credit with intent on his part to injure and defraud said association in the manner and by the means in this count set forth."

These allegations are sufficient. The defendant is charged with aiding and abetting his codefendant in depleting the funds of the bank with intent, on his part, to injure and defraud the bank. This is sufficient to charge the offense defined in the statute in the terms of the statute.

█ The assignment of error based upon the order denying a continuance challenges the discretion of the trial court and charges that the failure of the trial court to grant a continuance was an abuse of discretion. The continuance was requested because one of the appellant's attorneys had notified him that he withdrew from the case because of the non-payment of his fees. This notice of withdrawal was served on the appellant on December 27, 1932, in pursuance of a notice given affiant theretofore that unless his fee was paid the attorney would withdraw. The appellant, on December 30, employed P. J. Gallagher to defend him. Mr. Gallagher immediately thereafter sought a continuance from the United States attorney, and, failing to procure a continuance, moved the court therefor on the date of trial, January 3. January 1 fell on Sunday and January 2 was a legal holiday. Appellant's claim is that the facts concerning the case were involved and required an extensive examination of books and accounts; that he had placed these records in the hands of the attorney who withdrew, and that both the appellant and Denton G. Burdick, his attorney, expected that the attorney who withdrew would make the necessary investigation and preparation for defense. The trial court recognized the difficulty thus presented to the defendant, and in denying the motion for a continuance stated that he would require the defendant's attorney who withdrew to represent the defendant at the trial, if the defendant so desired. The defendant declined this offer, preferring to be represented by Denton G. Burdick, who, together with the attorney who withdrew, had represented him from the outset, and by Mr. Gallagher, recently retained.

It is stated in the affidavit of the assistant United States attorney on the motion for continuance that the withdrawing attorney had stated in open court on Friday and Saturday

"of last week" (December 30 and 31), presumably when the matter of the continuance was informally presented to the trial judge, that Denton G. Burdick was the leading counsel in the case, that he was merely an assistant to brief and argue the demurrer in the case, and that it was the business of Denton G. Burdick to prepare the facts in the case for trial, and that he assumed that Burdick had done so.

It will be observed that the real basis for the appellant's complaint was his inability to go to trial without the assistance of one of the two attorneys he had originally employed who had withdrawn. The court offered to require such assistance, and the defendant declined to accept the services for lack of which he sought a continuance. There was no abuse of discretion in this, particularly where the defendant was already actively represented by counsel whose ability is not questioned, who had had ample time to prepare for the trial, and who did in fact participate therein and on this appeal.

█ It should also be stated that there is no bill of exceptions in the record, and that although affidavits are printed in the transcript, which purport to have been used on the motion for a continuance, they are not embodied in a bill of exceptions, and therefore are not part of the record on appeal.

Judgment affirmed.